UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANE PURYEAR,

Petitioner,

v. Case No. 2:25-cv-485-SPC-KRH

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent.

---

**OPINION AND ORDER**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 by Shane Puryear, a Florida state prisoner. (Doc. 1). He is represented by counsel. The Respondent has filed a limited response on behalf of the State, moving to dismiss Puryear's habeas petition as barred by the statute of limitations, 28 U.S.C. § 2244(d). (Doc. 16). Upon consideration, the Court concludes Puryear's petition is untimely, but the Court will grant a certificate of appealability under 28 U.S.C. § 2253(c).

**Background**

Puryear was convicted at trial in the Circuit Court of Lee County, Florida, of sexual battery on a child less than 12 years old, in violation of Fla. Stat. § 794.011(2). He was sentenced to life imprisonment. On direct appeal,

the Florida Second District Court of Appeal (Second DCA) affirmed in a *per curiam* order without a written opinion, issued March 6, 2020. *Puryear v. State*, 308 So. 3d 92 (table), 2020 WL 1074519 (Fla. Dist. Ct. App. 2020).

Under state law, the Supreme Court of Florida ("Florida Supreme Court") is jurisdictionally barred from reviewing DCA decisions without a written order. *See Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006). Therefore, had Puryear sought review in the Florida Supreme Court at that point, the effort would have been futile. However, the Florida Supreme Court does have discretionary jurisdiction to review written DCA decisions that:

> (i) expressly declare valid a state statute;
>
> (ii) expressly construe a provision of the state or federal constitution;
>
> (iii) expressly affect a class of constitutional or state officers;
>
> (iv) expressly and directly conflict with a decision of another district court of appeal or of the supreme court on the same question of law;
>
> (v) pass upon a question certified to be of great public importance; or
>
> (vi) are certified to be in direct conflict with decisions of other district courts of appeal;

Fla. R. App. P. 9.030(a)(2)(A)(i) – (vi); *see also* Fla. Const. Art. 5, § 3(b)(3)–(5); *Gandy v. State*, 646 So. 2d 1141, 1144 (Fla. 2003).

In this vein, Florida law authorizes a party to file a motion "for rehearing, clarification, certification, or issuance of a written opinion." Fla. R. App. P. 9.330(a). The purpose of the rule insofar as it authorizes a motion for issuance of a written opinion by the DCA, *see* Rule 9.330(a)(2)(D), is to allow review in the Florida Supreme Court. *See* Fla. R. App. P. 9.330, Committee Notes to 2002 Amendment; *Amends. to Fla. Rules of App. Proc.*, 827 So. 2d 888, 889–90 (Fla. 2002). To that end, Puryear filed such a motion in the Second DCA. (Doc. 16-2 at 18–19). In support, he asserted that a written opinion would provide a basis for review in the Florida Supreme Court of a federal claim that the admission of DNA evidence at his trial violated the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment.

On April 22, 2020, the Second DCA summarily denied his motion for a written opinion. Puryear did not seek further direct review in either the Florida Supreme Court or the Supreme Court of the United States (hereinafter "Supreme Court"). The DCA appellate mandate issued on May 11, 2020.

On July 20, 2021, Puryear filed a counseled motion in the state trial court seeking post-conviction relief pursuant to Fla. R. Crim. P. 3.850. The trial court denied the motion, and Puryear appealed. On April 29, 2025, the Florida Sixth District Court of Appeal (Sixth DCA) affirmed in a per curiam order without opinion. Puryear moved for a written opinion and for rehearing. The

Sixth DCA denied that motion, and the mandate issued on June 5, 2025. That same day, Puryear, through counsel, filed this § 2254 federal habeas action.

This Court subsequently issued an order requiring the State to show cause why Puryear is not entitled to habeas relief. (Doc. 6). Respondent filed a limited response seeking dismissal of the petition as barred by the statute of limitations. (Doc. 16). Puryear filed an opposition. (Doc. 17). Accordingly, the sole issue before the Court at this time is whether Puryear's habeas petition is timely.

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year period of limitation on the filing of a habeas petition by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The one-year period often, including in this case, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Further, the limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C.A. § 2244(d)(2).

The specific question presented is what effect, if any, Puryear's motion under Fla. R. App. P. 9.330(a)(2)(D), asking the Second DCA to issue a written decision after that court issued a no-opinion, *per curiam* affirmance, has on the

finality of his conviction and, thus, the running of the limitations period under § 2244(d)(1)(A). The timeliness of Puryear's habeas petition depends on the answer.

"For petitioners who pursue direct review all the way to the Supreme Court, the judgment becomes final [for purposes of § 2244(d)(1)(A)] at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Id.* Puryear did not seek certiorari review in the Supreme Court, so he is in the latter category. *See Phillips v. Warden*, 908 F.3d 667, 672 (11th Cir. 2018)

Puryear pursued direct review to the Second DCA, which affirmed in a *per curiam* order without a written opinion. Because the Florida Supreme Court was jurisdictionally barred from reviewing that unexplained DCA order, he was immediately eligible to seek review in the Supreme Court, and his conviction became final for purposes of § 2244(d)(1)(A) upon the expiration of the time in which he might have timely petitioned for certiorari in the Supreme Court. *See Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1329 (11th Cir. 2020). *Compare Jones v. Sec'y, Fla. Dep't of Corr.*, No. 24-14178, 2026 WL 2124355, at *2 (11th Cir. July 23, 2026) (holding that where the Florida Supreme Court

had discretionary jurisdiction to review a DCA written decision and petitioner failed to seek such review, the running of federal limitations period was not delayed until expiration of the time to seek review in the Supreme Court). The parties do not dispute that point.

They diverge, however, on when the time for direct review in the Supreme Court expired. Supreme Court Rule 13 provides that a petition for certiorari is timely where filed within a 90-day period, Sup. Ct. R. 13.1, that ordinarily "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006); *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). However, the Rule also allows for tolling of the 90-day period as follows:

> [I]f a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13.3; *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

The State highlights, however, that Puryear did not move for "rehearing" in the Second DCA. As a result, the State argues, the time in which he might have petitioned for certiorari expired under Supreme Court Rule 13, and his

conviction became final under § 2244(d)(1)(A), on June 4, 2020. That is ninety days after the Second DCA entered its *per curiam*, no-opinion affirmance on March 6, 2020. In turn, according to the State, the federal limitations period expired a year later, on June 4, 2021. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (recognizing that the limitations period is calculated using the "anniversary method"). The State acknowledges Puryear filed a Fla. R. Crim. P. 3.850 motion for post-conviction relief on July 20, 2021. However, while a Rule 3.850 motion can potentially toll the limitations period under 28 U.S.C. § 2244(d)(2), such a motion filed after the limitations period has already expired neither tolls nor resets it. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, if Puryear's conviction became final according to the State's calculation, his Rule 3.850 motion had no effect on the limitations period, and his § 2254 habeas petition filed on June 5, 2025, would be untimely by just over four years.[1]

Puryear admits he did not move for rehearing in the Second DCA, as authorized by Fla. R. App. P. 9.330(a)(2)(A). He emphasizes, however, that he did move for issuance of a written opinion under subsection (a)(2)(D) of that same rule. He insists that motion tolled the running of the 90-day period to pursue direct review in the Supreme Court. If Puryear is correct, that would

[1] The limitations period of § 2244(d)(1) is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). However, Puryear makes no argument for such tolling.

make all the difference. Under his scenario, his time to petition for certiorari in the Supreme Court did not expire until July 21, 2020, ninety days after the Second DCA denied his motion for a written opinion on April 22, 2020. Accordingly, Puryear contends, his Rule 3.850 motion filed July 20, 2021, came with one day remaining on the limitations period and immediately tolled it under § 2244(d)(2). The limitations period then remained tolled until the Rule 3.850 proceedings were no longer "pending," which would have been when the mandate issued on June 5, 2025. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000). And because Puryear filed his § 2254 habeas petition that same day, no further untolled time would have passed, *see Davis v. Sec'y, Dep't of Corr.*, No. 8:20-CV-1551-T-33AEP, 2020 WL 7318958, at *1 (M.D. Fla. Dec. 11, 2020), and his petition would be timely.

In considering whether Puryear's motion for a written opinion in the DCA delayed the finality of his conviction, neither party cites a Supreme Court or Eleventh Circuit case directly on point. Nor does this Court's own research disclose one. *Cf. Friend v. Sec'y, Fla. Dep't of Corr.*, No. 26-10874, 2026 WL 2683215, at *1 (11th Cir. July 30, 2026) (denying a COA on § 2244(d) limitations period issue where petition would be untimely even assuming petitioner was entitled to benefit of the 90-day period from the date the DCA denied his motion for a written opinion, as he argued). Rather, each party relies principally upon a single district court opinion.

The State argues the issue "is controlled" by *Holybrice v. Sec'y, Dep't of Corr.*, No. 8:18-CV-2374-T-17AEP, 2019 WL 11505330 (M.D. Fla. Feb. 28, 2019). (Doc. 16 at 6). Judge Kovachevich of this Court there highlighted that, while Supreme Court Rule 13.3 extends the 90-day period for filing a certiorari petition when a party moves for "rehearing" in the lower court, the rule "makes no similar tolling accommodation for a motion for written opinion." *Id.* at *3. She noted the Supreme Court explained the purpose behind its Rule 13.3, recognizing that a motion "for rehearing tolls the running of the [appeal] period because it operates to suspend the finality of the court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the party." *Id.* (quoting *Dep't of Banking v. Pink*, 317 U.S. 264, 266 (1942) (*Pink*) (bracketed material in *Holybrice*)). Judge Kovachevich then found that although motions for rehearing and for issuance of a written opinion in the Florida courts are both governed by Fla. R. App. P. 9.330, the latter, unlike the former, "does not result in the court amending or altering the court's adjudication of an Appellant's judgment and sentence." *Id.* Therefore, she concluded, "a motion for written opinion does not toll the limitations period for filing a petition for certiorari in the Supreme Court." *Id.*

Puryear, on the other hand, relies on *Ferro v. Inch*, No. 21-24097-CIV, 2022 WL 1443217 (S.D. Fla. May 6, 2022). The *Ferro* court disagreed with the

analysis in *Holybrice* focusing on Supreme Court Rule 13. *Id.*, at *5. Rather, the *Ferro* court asserted, citing *Chamblee v. Florida*, 905 F.3d 1192, 1196 (11th Cir. 2018), that a federal habeas court assessing when a state court conviction is final for purposes of § 2244(d)(1)(A) and Supreme Court Rule 13 "must look to state law." *Id.* Specifically, the *Ferro* court invoked Fla. R. App. P. 9.020(i), which provides that a state appellate decision is not "rendered" until all timely motions under Fla. R. App. P. 9.330 and 9.331 (authorizing a motion for rehearing en banc) are either withdrawn or resolved by a written order. *Id.*; *see also Dodgen v. Grijalva*, 331 So. 3d 679, 683 (Fla. 2021). Applying Rule 9.020(i), the *Ferro* court held the petitioner's judgment was not final until the DCA denied his motion for a written opinion under Rule 9.330(a)(2)(D). 2022 WL 1443217, at *5. And giving the petitioner the benefit of the 90-day period from that date, his federal habeas petition was timely. *Id.*

At the outset, the Court would recognize that, although the State argues the issue "is controlled" by *Holybrice*, this Court is not, in fact, bound by that or any other district court decision. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004). Rather, this Court is obligated to follow only the holdings in decisions of the Supreme Court, published decisions of the Eleventh Circuit, and decisions of the former Fifth Circuit considered precedent in the Eleventh Circuit. *See id.*; *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209

(11th Cir. 1981) (en banc). Nevertheless, this Court finds *Holybrice* persuasive, as further explained below.

First, the Court agrees with *Holybrice* that whether a motion for a written opinion under Fla. R. App. P, 9.330(a)(2)(D) delays finality of a judgment under § 2244(d)(1)(A) is controlled by Supreme Court Rule 13.3 and not, as *Ferro* would suggest, by Fla. R. App. P. 9.020(i) or state law otherwise. "The words 'by the conclusion of direct review or the expiration of the time for seeking such review' make it clear that finality for purposes of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule," not "by reference to state law rules." *Clay v. United States*, 537 U.S. 522, 531 (2003); *see also Gonzalez*, 565 U.S. at 151 (rejecting that a federal habeas court must "scour each State's laws and cases to determine how it defines finality" to assess when a conviction becomes final under § 2244(d)(1)(A) when a petitioner foregoes an appeal to the state's highest court required to seek review in the Supreme Court).

Further, the immediate question, as framed both by *Gonzalez* and the parties, is when the time expired for Puryear to seek review in the Supreme Court. That matter is directly governed directly by Supreme Court Rule 13, which itself establishes a uniform federal rule. As explained, it sets a 90-day period running from entry of the lower court judgment, and expressly *not* when the state court appellate mandate or its equivalent is issued, notwithstanding

such issuance might signal finality under state law. *See* Sup. Ct. R. 13.3; *Pink*, 317 U.S. at 268 ("For the purpose of the finality which is prerequisite to a review in this Court, the test is not whether under local rules of practice the judgment is denominated final … but rather whether the record shows that the order of the appellate court has in fact fully adjudicated rights and that the adjudication is not subject to further review by a state court."); *Chavers*, 468 F.3d at 1275 (determining finality of a conviction under § 2244(d)(1)(A) based on Sup. Ct. R. 13.3's 90-day period running from the date of the lower court judgment, not the mandate); *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016) (holding calculation of the federal limitations period where direct review is sought in the Supreme Court is controlled by Sup. Ct. R. 13.3, not a Kentucky rule providing a state court appellate order becomes "final" 21 days after issuance); *see also Butler v. Sec'y, Fla. Dep't of Corr.*, 621 F. App'x 604, 606 (11th Cir. 2015) (running of the limitations period where petitioner was eligible for Supreme Court review was determined by Sup. Ct. R. 13.3, which does not consider the 15-day period in which to file a motion for rehearing under Fla. R. App. P. 9.330(a)). Even when a petition for rehearing is filed below, the Supreme Court does not consider that to toll the 90-day period under Rule 13.3 based on state rules determining "finality." *Cf. Pink*, *supra*. Rather, such tolling arises because the Supreme Court regards a motion asking a lower court to reconsider the substance of its decision as effectively establishing that

"there is no 'judgment' to be reviewed" until the lower court resolves to stick by its prior decision or enter a new one. *Hibbs v. Winn*, 542 U.S. 88, 98 (2004).

Puryear insists that Fla. R. App. P. 9.020(i) drives the interpretation of Supreme Court Rule 13 or otherwise is a touchstone for finality under § 2244(d)(1)(A). He primarily relies on *Ferro*, which took that tack, citing *Chamblee*. However, *Chamblee* is distinguishable. There, the DCA issued a written decision affirming the petitioner's conviction and prison term but reversing as to the imposition of a fine. *See Chamblee v. State*, 93 So. 3d 1184 (Fla. Dist. Ct. App. 2012). However, the DCA also remanded with an instruction to the trial court to consider whether to reimpose the fine under different standards. *Id.* The petitioner did not move for rehearing in the DCA or otherwise seek further direct review, and the case was remanded. *Chamblee*, 905 F.3d at 1193–94. However, the trial court never revisited the fine. *Id.* at 1194. The issue was thus whether and when the judgment became final under § 2244(d)(1)(A) given that the fine issue had remained outstanding. The Eleventh Circuit held the judgment became final and that the federal limitations period commenced upon the expiration of the 90-day period after the DCA entered its decision, pursuant to Supreme Court Rule 13. 905 F.3d at 1198. *Chamblee* thus did not concern whether the time to petition for certiorari was tolled based on a motion under Fla. R. App. P. 9.330. Nor does *Chamblee* mention Fla. R. App. P. 9.020. Indeed, it would appear no Eleventh

Circuit or Supreme Court decision addressing § 2244(d) or Supreme Court Rule 13 does so.

In its analysis, *Chamblee* does recite that, "to determine whether 'the entirety of the state direct appellate review process has been completed,' … this Court must look to the actions taken by the state court and the relevant state law." 905 F.3d at 1196 (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009)). This is the portion of *Chamblee* cited in *Ferro*. *See* 2022 WL 1443217, at *5. However, "whether the entirety of the state direct appellate review process has been completed" was not the issue in *Ferro*, nor is it here. That is, there is no dispute that a DCA *per curiam* affirmance without a written opinion was subject to certiorari review in the Supreme Court, so the question in both cases is when the time expired to seek that review.

It is true that a federal habeas court performing a § 2244(d)(1)(A) calculation might examine the state court direct review proceedings and state law to determine what review was, in fact, had *in state court* and what further review might have been available *in state court*. In particular, such might be necessary to ascertain the deadline for taking the next step required for further direct review in state court, *see Gonzalez*, 565 U.S. at 152, or whether the petitioner went far enough in state court to seek review in Supreme Court. *See Gonzalez*, 565 U.S. at 154; *Bates*, 964 F.3d at 1329; *Jones*, 2026 WL 2124355, at *2–5. Indeed, the *Chamblee* Court itself did the latter. *See* 905 F.3d at 1198

n.11. However, that is different than holding, as *Ferro* does, that once it is determined a petitioner is eligible for direct review in the Supreme Court, a habeas court "must look to state law" rather than Supreme Court Rule 13 to calculate when the period to seek that review expires. As explained, that is not correct, and *Chamblee* does not require or counsel that approach.

The remaining question is whether a motion in the DCA for issuance of a written opinion tolls the running of the 90-day period under Supreme Court Rule 13.3. The Court agrees with the holding in *Holybrice* that Rule 13.3 does not do so. The terms of that Rule contemplate tolling only where a petition for "rehearing" is filed or the lower court itself otherwise considered "rehearing." It is clear, however, tolling might also extend to lower court applications styled differently provided they seek relief sufficiently similar in nature to rehearing. That is, a motion must seek a "further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Hibbs*, 542 U.S. at 98 (quoting *Missouri v. Jenkins*, 495 U.S. 33, 46 (1990), quoting *Pink*, 317 U.S. at 266); *see also Communist Party of Indiana v. Whitcomb*, 414 U.S. 441, 445 (1974) (motion requesting "reconsideration" tolled period to seek review in the Supreme Court); *F.T.C. v. Minneapolis-Honeywell Regulator, Co.*, 344 U.S. 206 (1952) ("memorandum," filed after the period to timely petition for rehearing but prompting court of appeals to issue a modified judgment clarifying the disposition of two claims, tolled time for review in

Supreme Court); *Hibbs*, 542 U.S. at 97–99 (while Rule 13.3 then provided for tolling only upon a "petition for rehearing," Supreme Court held that a *sua sponte* order by the court of appeals directing briefing on whether case should be reheard *en banc* tolled 90-day period). By contrast, motions that do not ask for such substantive relief do not suspend the running of the time to seek Supreme Court review. *See Pink*, 317 U.S. at 266; *F.C.C. v. League of Women Voters of Calif.*, 468 U.S. 364, 373 n.10 (1984).

The Supreme Court's decision in *Pink* supports that a motion for issuance of a written decision under Fla. R. App. 9.330(a)(2)(D) would not toll the 90-day period for seeking certiorari review under Sup. Ct. R. 13.3. In that case, the petitioner for certiorari sought review of a decision of the New York Court of Appeals, the highest court in the State. *Pink*, 317 U.S. at 265. After the state court initially issued its decision, the petitioner had moved to amend the ruling to include a statement acknowledging the court had passed upon the federal question later forming the basis of the petition for certiorari. *Id.* at 266. Such an amendment would facilitate Supreme Court review because its certiorari jurisdiction extends only to issues of federal law, not state law. *See* 28 U.S.C. § 1257. The state court granted the petitioner's motion and amended its decision accordingly. *Pink*, 317 U.S. at 266. The Supreme Court, however, dismissed the petition for certiorari for lack of jurisdiction as untimely because it was not filed within three months of the state court's original decision. *Id.*

at 268. The Supreme Court recognized that a timely petition for rehearing in the lower court tolls the time to petition for certiorari. *Id.* at 266. The *Pink* Court concluded, however, that the motion to amend had not asked for an "alteration of the rights adjudicated" and thus did not toll the three-month period, explaining as follows:

> So far as appears, the motion did not seek a reargument or rehearing of any part of the case; it was no more than a request that the [state court] declare what had in fact occurred upon its previous decision of the case. … Unlike a motion for reargument or rehearing, it did not seek to have the Court of Appeals reconsider any question decided in the case. The final judgment already rendered was not challenged; what was sought was merely the court's certification that a federal question had been presented to it for decision …

*Id.*

*Pink* is like Puryear's case in material respects. The Supreme Court did not consider the motion in *Pink* to seek amendment of the lower court's decision as to alter the parties' substantive legal rights. Rather, the Supreme Court deemed the motion to have asked the lower court merely to set out what it had already done for the purposes of facilitating review in the Supreme Court. Puryear's motion under Rule 9.330(a)(2)(D) is similar in that it asked the DCA to issue a written decision just stating expressly what it had already decided, for the purpose of allowing review in the Florida Supreme Court. Puryear's motion for issuance of a written decision therefore "does not result in the court amending or altering the court's adjudication of an [his] judgment and

sentence." *Holybrice*, 2019 WL 11505330, at *3. Because Puryear's motion would not toll the period for seeking review in the Supreme Court, it also does not extend the date his judgment became final under § 2244(d)(1)(A). *See id.* As a consequence, the Court agrees with the State's argument that Puryear's § 2254 petition is untimely.

**Certificate of Appealability**

As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability ("COA"). *See* Rule 11(a), Rules Governing § 2254 Cases. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (internal quotation marks and citation omitted).

Reasonable jurists could find the Court's assessment that Puryear's habeas petition is barred by the limitations period of 28 U.S.C. § 2244(d)(1)(A) is debatable or wrong. Specifically, reasonable jurists could disagree over whether the commencement of the federal limitations period was delayed until the Second DCA issued its order denying Puryear's motion for issuance of a

written decision. Accordingly, Puryear will be granted a certificate of appealability as to that issue.

Accordingly, it is now

**ORDERED:**

1. Petitioner Shane Puryear's habeas petition is **DISMISSED** as barred by the statute of limitations, 28 U.S.C. § 2244(d)(1).
2. Puryear is granted a certificate of appealability as to the timeliness of his habeas petition.

**DONE** and **ORDERED** in Fort Myers, Florida on November 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-3
Copies: All Counsel and Parties of Record